FILED
ASHEVILLE, N.C.

OCT - 2 2017

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOHN CASEY BRADY, ) | |
| ) | |
| Defendant. ) | |

THIS CAUSE came before the undersigned upon a Violation Report (#23) filed in the above entitled cause by the United States Probation Office alleging that the Defendant violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the Defendant was present with his counsel, Fredilyn Sison, and that the Government was present through AUSA Chris Hess. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings:** At the call of this matter, the Defendant, by and through his attorney, admitted the allegation contained in the Violation Report (#23).

The Defendant was charged, in a Bill of Indictment (#1) with possessing a firearm that had been shipped and transported in interstate or foreign commerce from

1

which the manufacturer's serial number had been removed in violation of 18 U.S.C. § 922(k). A hearing was held in regard to the detention of the Defendant on April 18, 2017. On that date the undersigned entered an Order (#6) setting conditions of release for the Defendant which included the following:

(1) The Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(8)(p) The Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On July 20, 2017, the Defendant submitted to a urinalysis drug test which tested 100% positive for the Defendant's use of methamphetamine.

**Discussion.** 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1) finds that there is----
 (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that ---
 (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or

the community; or

      (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds there is probable cause to believe that the Defendant committed a Federal and State crime while on release. It is a state felony to possess or use methamphetamine. N.C.G.S § 90-95(a)(3). The possession of methamphetamine is at least a misdemeanor under Federal law. 21 U.S.C. § 844. Due to the fact that there is probable cause to believe that the Defendant committed at least a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the Defendant will not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the Defendant violated the condition of release that required him to refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Methamphetamine is a drug which is not prescribed by a licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created, and considering the factors as set forth under 18 U.S.C. § 3142(g) it appears that there is no condition or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the Defendant.

## ORDER

**IT IS, THEREFORE, ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

_____
Title of Signing Officer
United States District Court